GULOTTA, Judge.
Wendyl Locke d/b/a Black Velvet Lounge, appealing from the revocation of a liquor permit by the Plaquemines Parish Commission Council and the district court (after a trial de novo), claims that no showing has been made that he or his employees permitted “any disturbance of the peace or obscenity, or any lewd, immoral, or improper ... conduct, or practices on the licensed premises” in violation of LSA-R.S. 26:285(5). We disagree.
At the de novo trial, Louise Keko, who lives across the highway from the Black Velvet, testified that she frequently finds broken glass in her driveway as well as trash and bottles in her yard and that she has observed people entering the Black Velvet Lounge throwing these bottles and trash on her property. She also stated that there are “always” vehicles blocking her driveway and that she has problems with loud music and vulgar language coming from the area of the bar. The witness further testified that there are no other bars in the immediate vicinity and that most of the problems occur after 10 p.m., particularly on Thursday, Friday, Saturday and Sunday nights. In addition, she stated that although she has seen Locke go outside of the bar on two occasions to correct problem situations, she has never seen any Locke employee picking up broken glass or bottles in her yard or any other neighboring yards. Moreover, this witness related that she had been present when most of her neighbors complained to Locke about the problems but nothing has been done to correct the situation.
Keko’s testimony was substantially corroborated by the testimony of several other residents of the area, who stated that they too had found broken glass, bottles and trash in their driveways and yards, and had problems with their driveways being blocked. These witnesses complained of loud music and stated that attempts to obtain relief from Locke, for the most part, were unsuccessful. In addition, one of the witnesses, Helen Rose Cormier, also testified that she had observed on one occasion, *1218 a man urinating on the front steps of the Black Velvet lounge, and at another time, a man physically abusing a woman in front of the lounge.
On the other hand, Wendyl Locke, the owner of the Lounge, testified that he has never personally received any complaint from any area residents about his premises. According to Locke, there are no disturbances allowed on the premises and if problems do occur he handles the situation. Furthermore, the witness stated that he, or one of his employees, monitors the parking problem to prevent the blocking of driveways by the lounge customers. Locke stated that he discouraged the throwing of bottles by providing his patrons with takeout plastic cups. In addition, plaintiff stated that on those occasions when he has heard obscenities he made an effort to stop the use of this language.
Locke’s son, David Locke, substantially corroborated his father’s testimony and also stated that a man is employed to clean up the area.
Jerry Lewis, a Locke employee, testified that he daily cleans the inside and outside area of the lounge. He also stated that although he usually picks up bottles and cans from neighboring yards, there were times when he was unable to do so.
Several other plaintiff witnesses, who live in the area, testified that they had no problems with filth or litter in the area and that they had seen Jerry Lewis, Locke’s employee, cleaning the area. Furthermore, plaintiff presented several other witnesses who stated that they had gone with their families and friends to the bar and did not find the atmosphere to be offensive.
LSA-R.S. 26:285 provides in pertinent part that:
“No person holding a retail dealer’s permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
(5) [pjermit any disturbance of the peace or obscenity, or any lewd, immoral, or improper entertainment, conduct, or practices on the licensed premises.”
“Violation of this Section is ... sufficient cause for the suspension or revocation of a permit.”
When we consider the evidence, we cannot say the trial judge erred in upholding the Commission Council’s revocation of the liquor permit. No showing has been made that the Council’s action was either arbitrary, unreasonable or capricious. See Southern Pacific Transportation Company v. Louisiana Public Service Commission, 290 So.2d 816 (La.1974) rehearing denied March 22, 1974.
Accordingly, we affirm.
AFFIRMED.